# New York Marine Court.

*Trial Term—November*, 1878.

## DAVID M. KOEHLER *against* THOMAS BOYLE.

The bankruptcy of the plaintiff, after suit brought, does not necessarily require that the action be continued in the name of the assignee.

McADAM, J.—An examination of the case of Requa v. Holmes (16 *N. Y.* 183), shows that it applies only to

Koehler *v.* Boyle.

suits in equity and not to actions at law. In equity the owner of the interest to be affected was always required to be represented before the court. This was considered the most general principle in relation to parties in the court of chancery (*Edwards on Parties in Chancery*, 2), while at law this was not the general rule; for example, the assignee of a chose in action, although he sued for his own benefit, was formerly required to bring his action in the name of his assignor, because at common law the right to sue upon a contract was not transferable (*Dicey on Parties to Action*, 68, 115, *et seq.; Barbour on Parties*, 44). The Code changed this rule, and required the real party in interest to sue (*Old Code*, § 111). And where the transfer of interest is made after suit brought (whether by operation of law or the act of the party), it provides that the action may be continued in the name of the original party, or that the court may allow or direct the person to whom the transfer is made to be substituted in his place (*Old Code*, § 121 ; *New Code*, § 756). It follows, therefore, that whether the plaintiff went into bankruptcy after bringing his action, or whether an assignee of his estate has since been appointed, are matters unnecessary to consider upon the trial, as the assignee, though a proper, is not a necessary, party to the present record. When the assignee seeks to enjoin the further prosecution of the action, or asks to continue it in his own name, it will be time for the parties concerned to present for consideration the legal status of the assignee.

The ruling at the trial was right, as the defendant's objection is without the force of law, and his motion for a new trial will be denied.